UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

    Plaintiff,

        v.                          CAUSE NO. 3:21-CV-587-JD-MGG

ORNELAS,

    Defendant.

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint about an alleged use of excessive force at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chambers alleges that on January 21, 2021, he had hurt his hand and was sitting on the stairs, resting. Then, Ornelas came into the dorm and drew his Taser. Chambers says he told Ornelas he needed medical help, and Ornelas told him the only way he was going to medical was if he let Ornelas shoot him. Ornelas then shot him with the Taser for no reason.

The "core requirement" for an excessive force claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Chambers has alleged facts permitting an inference that Ornelas used excessive force against him.

For these reasons, the court:

(1) GRANTS Jerry Chambers leave to proceed against Ornelas in his individual capacity for compensatory and punitive damages for shooting Chambers with a Taser for no reason on January 21, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Ornelas at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

3

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ornelas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 23, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT